UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 24-24865-CIV-MORENO

ELMER BARRIENTOS and VIRGINIA
VARGAS,

        Plaintiffs,

vs.

1010 BRICKELL CONDOMINIUM
ASSOCIATION, INC., a Florida Corporation,
and FIRSTSERVICE RESIDENTIAL
FLORIDA, INC., a Florida Corporation,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, ORDER DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS, AND ORDER TEMPORARILY PLACING CASE IN CIVIL SUSPENSE FILE PENDING THE OUTCOME OF THE STATE COURT PROCEEDINGS

THIS CAUSE came before the Court upon Plaintiffs' Motion to Remand **(D.E. 9)**, filed on **January 7, 2025**.

THE COURT has considered the motion, the oppositions, the other pertinent portions of the record, and is otherwise fully advised in the premises.

Elmer Barrientos alleges that he was terminated from his position as a front desk employee at Miami condominium 1010 Brickell because he was born with achondroplasia (i.e., dwarfism). Barrientos and his wife Virginia Vargas sued 1010 Brickell Condominium Association, Inc., and FirstService Residential Florida, Inc., in Miami-Dade Circuit Court, asserting thirteen causes of action under Florida and local law, and only two claims alleging disability discrimination under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Because Plaintiffs' two ADA claims arise under federal law, Defendants removed this case to federal court. Plaintiffs now challenge removal. They argue that the Court should decline to exercise supplemental jurisdiction and instead remand the state and local law claims to state court for two reasons. First, the state and local law claims "overwhelmingly dominate the two federal claims because the case is anchored by common law duties, and the case involves a dispute about statutory interpretation of a County ordinance as to what constitutes 'stalking.'" Second, these claims raise "novel Florida common law issues."

Defendants urge the Court to keep this case here and fully intact. Their response is threefold. First, Defendants aver that this case is predominantly a discrimination case in which the federal claims "form the factual linchpin of the Amended Complaint in its entirety." Second, they cite several cases to illustrate that no novel issues of state or local law require remand. Third, Defendants contend that severing and remanding the state and local law claims would contravene the principles underlying supplemental jurisdiction.

A defendant may remove a case from state to federal court if the case involves "a claim arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1). This is true even if the case also involves claims over which the court cannot exercise supplemental jurisdiction or claims that have "been made nonremovable by statute." *Ibid.* Though Congress requires district courts to sever these kinds of claims and remand them "to the State Court from which the action was removed." *Id.* § 1441(c)(2).

District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). "Section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or

controversy' standard of Article III of the Constitution." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006) (citation omitted). In other words, if the state or local law claims "arise out of a common nucleus of operative fact with a substantial federal claim," the court has supplemental jurisdiction over those claims. *Id.* at 743 (citations omitted).

But even still, district courts may decline to exercise supplemental jurisdiction over a claim if any of the following are present:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Plaintiffs admit that "[t]he threshold to supplemental jurisdiction under 28 U.S.C. § 1367(a) is satisfied here because the federal and state claims arise from the same case or controversy." Nevertheless, the Court agrees with Plaintiffs that state court is better suited to preside over the thirteen state and local law claims present in this case. The Court is particularly mindful of the "novel Florida common law issues" purportedly at stake here. Specifically, as to the interpretation of the Miami-Dade County Human Rights Ordinance, which Plaintiffs say is "more central to the entire suit," the Court agrees that state court is the proper venue to resolve such issues. Accordingly, the Court declines to exercise supplemental jurisdiction over these claims. It is therefore

**ADJUDGED** that Plaintiffs' Motion to Remand **(D.E. 9)** is **GRANTED**. The thirteen state and local law claims (Counts I, II, III, IV, V, VI, VII, VIII, XI, XII, XIII, XIV, and XV) are

hereby **REMANDED** to the originating state court. Defendants' motions to dismiss the amended complaint (**D.E. 7; D.E. 24**) are **DENIED** as moot. It is further

**ADJUDGED** that:

I. The Clerk of this Court shall mark this cause as closed for statistical purposes and temporarily place the matter in a civil suspense file until the state proceeding is resolved.

II. The dates and deadlines contained in the Court's scheduling order (**D.E. 11**), including the two-week trial period, are hereby **VACATED**.

III. The Court shall retain jurisdiction over the two ADA claims, and the case shall be restored to the active docket upon motion of a party—once the state court proceedings have concluded—so that this action may proceed to final disposition.

IV. This order shall not prejudice the rights of the parties to this litigation.

V. Plaintiffs SHALL notify the Court by **July 1, 2025**, and every three months thereafter, of the current status of the proceedings and when this action is ready to proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of April 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record